RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000075-MR


LAMONICA JACKSON                                                APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 15-CI-002518


FAMILY HEALTH CENTER                                            APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

COMBS, JUDGE:  LaMonica Jackson appeals from an opinion and order of the

Jefferson Circuit Court of December 13, 2018, granting summary judgment in

favor of the Family Health Center, Inc., in a case involving the Family and Medical

Leave Act.

Jackson was employed with the Family Health Center, Inc. (FHC), beginning in 1994.[1] In 2013, Jackson held the position of Health Information Management Medical Records Coordinator (records coordinator). Due to the illness of her mother, Jackson began taking intermittent leave under the Family and Medical Leave Act (FMLA) in November 2013. Subsequently, on February 4, 2014, Jackson was injured in an automobile accident. As a result of her injuries, Jackson was unable to return to work and received FMLA leave.

By a letter dated May 2, 2014, FHC informed Jackson that her FMLA leave would expire on May 8, 2014. FHC additionally informed Jackson that she could either "(1) contact your supervisor immediately about your return to work; or (2) resign due to your inability to return to work at this time." Jackson did neither, and FHC terminated Jackson.

Jackson appealed her termination to the Louisville Metro Civil Service Board (the Board). KRS[2] 90.190. By an order rendered on August 27, 2014, the Board reinstated Jackson if she provided a return to work release from her physician. Jackson timely supplied the release to FHC.

---

[1] The Family Health Center, Inc., is a not-for-profit community health center originally established by the Louisville-Jefferson County Board of Health.

[2] Kentucky Revised Statutes.

FHC's human resources director offered Jackson a newly created position of Health Information Management Archived Records Coordinator. According to the director, the archived records coordinator was a class 10 position -- as had been Jackson's previous position of records coordinator -- and the new position would offer the same compensation. However, the archived records coordinator was only a temporary position. Jackson declined to accept the position of archived records coordinator, and it appears that FHC did not offer Jackson any other position of employment. The last correspondence between FHC and Jackson took place in December 2014.

On May 26, 2015, Jackson filed a complaint in the Jefferson Circuit Court against FHC. Jackson alleged that FHC failed to follow the dictates of the Board's order to reinstate her and by so doing, "violated the provisions of KRS 90.110 to 90.230 et seq." Complaint at 4. FHC filed a motion to dismiss; the circuit court denied the motion by an order entered on December 10, 2015. FHC filed an answer on December 16, 2015.

The case then remained dormant until October 6, 2017. On that date, the court entered a notice to dismiss for lack of prosecution pursuant to CR[3] 77.02(2). In response, by agreed order entered on December 7, 2017, the circuit court permitted the parties to file cross-motions for summary judgment, which

---

[3] Kentucky Rules of Civil Procedure.

were subsequently filed. By opinion and order entered on December 13, 2018, the circuit court granted summary judgment in favor of FHC, concluding that FHC had complied with the Board's order by offering Jackson the position of archived records coordinator. This appeal follows.

Summary judgment is proper where there exists no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. CR 56.03; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476 (Ky. 1991). All facts and inferences are viewed in a light most favorable to the non-moving party. *Id.* Questions of law are reviewed *de novo*. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Jackson challenges the summary judgment entered in favor of FHC, contending that the Board had ordered FHC to reinstate her and that FHC failed to follow the mandate of the Board's order. She argues as follows:

> In order to determine whether FHC complied with the Board's August 27, 2014[,] Order by offering Ms. Jackson the [archived records coordinator] position instead of reinstating her to her previous position, the definition of the term "reinstatement" is critical. Fortunately, the Civil Service Statutes contain the necessary guidance:
>
> > (15) "Class" or "class of positions" means a position or group of positions subject to the provisions of KRS 90.110 to 90.230 sufficiently similar in duties, responsibilities and qualification requirements to be

designated by the same title and placed within the same salary range.

(16) "Reinstatement" means the reappointment of a person who formerly held a position, subject to the provisions of KRS 90.110 to 90.230, to such former position or to any other position in the same class.

Based upon these definitions, to comply with the Board's Order, FHC was required to "reappoint" Ms. Jackson to her "former position" or to "any other position in the same class." Because FHC admittedly refused to reappoint Ms. Jackson to her former position, it must have therefore appointed her to "another position in the same class." The Statutes define "class" as a "position . . . sufficiently similar in duties, responsibilities and qualification requirements to be designated by the same title and placed within the same salary range."

Thus, the question is whether the [archived records coordinator] position is similar enough in duties, responsibilities, and qualifications to be given the same title and placed within the same salary range. It simply isn't. First, FHC did not believe the [archived records coordinator] position merited the same title as the [records coordinator] position. Most importantly, the [archived records coordinator] position was a newly created, temporary position to address a short-term problem – archiving paper records after FHC moved to electronic medical record keeping. By the terms of the [archived records coordinator] Job Description, archived or archive-ready records were only those records that were eligible for off-site storage and/or destruction. These represented only a small sample of the entire population of medical records, and once they were archived and destroyed, the [archived records coordinator] position would be rendered unnecessary. FHC admitted that the [archived records coordinator]

-5-

position was temporary in its October 16, 2014[,] letter to Ms. Jackson[.]

. . . .

In contrast to the limited, temporary nature of the [archived records coordinator] position, the [records coordinator] position was broad and ongoing. The [records coordinator] was responsible for the entirety of the process of maintaining, organizing, retrieving, and archiving medical records. . . .

Other differences between the two positions are equally striking. Because the [archived records coordinator] was only temporary, it was not classified as a Department Head position. The [records coordinator], on the other hand, was considered a Department Head. A Department Head had specific supervisory and management duties and was involved in policy making. Additionally, the [records coordinator] was responsible for supervising from 9-16 people, while the [archived records coordinator] supervised only 2-3.

Jackson's Brief at 9-11 (footnote omitted).

Additionally, Jackson contends that the circuit court erroneously interpreted KRS 90.110(15) and (16) as allowing "FHC to simply classify a new position however it desired." Jackson's Brief at 11. She argues that a new position may only be placed in a particular class if it is "sufficiently similar in duties, responsibilities and qualification requirements" as other positions within said class pursuant to KRS 90.110(15). Because the new position of archived records coordinator is dissimilar in class, responsibilities, and qualifications, Jackson

-6-

argues that the FHC violated KRS 90.110(16) by classifying the archived records coordinator and records coordinator in the same class.

KRS 90.110(15) and (16) define "class" and "reinstatement" as follows:

> (15) "Class" or "class of positions" means a position or group of positions subject to the provisions of KRS 90.110 to 90.230 sufficiently similar in duties, responsibilities and qualification requirements to be designated by the same title and placed within the same salary range.

> (16) "Reinstatement" means the reappointment of a person who formerly held a position, subject to the provisions of KRS 90.110 to 90.230, to such former position or to any other position in the same class.

The Civil Service Board is given statutory authority to promulgate rules for the classification of all employees. KRS 90.160(1)(a). In order to carry out this statutory mandate, the Louisville Metro Civil Service Board promulgated Rules and Regulations, which provide, in relevant part:

> 3.1(1) In all matters related to position classification, the Board shall have final authority.

> 3.1(2) The Director of Civil Service shall conduct or direct all job analysis studies necessary to include covered employees in Louisville Metro's Classification and Compensation Plan.

> 3.1(3) The provisions of the Louisville Metro Personnel Policies Manual relating to position classification shall apply to all covered employees. This includes the provisions on reclassification.

3.1(4) The Director of Civil Service shall notify the Board of any changes in the Classification and Compensation Plan at its regular meetings.

The Board instructed FHC to reinstate Jackson. Under the statutory definition of reinstatement, FHC was compelled to offer Jackson her previous position **or** a position within the same class. KRS 90.110(16). FNC ultimately offered Jackson the position of archived records coordinator. This new position and Jackson's previous position (records coordinator) were both class 10 positions. However, the similarity in positions is illusory rather than substantive.

The requirements of KRS 90.110 to 90.230 contemplate "any other position in the same class" to mean a position substantially similar in every aspect of employment – from job duties, to the "same title," and within "the same salary range." Inherent in that schematic framework are permanence and job security.

When FHC offered Jackson a job that was only a temporary position, it violated both the letter and the spirit of the statutes -- as well as the Board's order. The new job lacked the stability and security of the permanent position that she had left. "Reinstatement" means essentially restoration -- perhaps not to the identical job, but to one **substantially similar** to the former employment. As her brief correctly noted, Jackson left a job that was "broad and ongoing," and in its place, she was offered one with a "limited, temporary nature." That offer fell far

short of the statutorily mandated reinstatement.  FNC failed to comply with the order of the Board.

Therefore, we VACATE the order of the Jefferson Circuit Court and REMAND for entry of a new order of reinstatement.

DIXON, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEF FOR APPELLANT:

Mark B. Wallace
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel H. Schoenbaechler
Louisville, Kentucky